(125 So. 208)

## GARLINGTON v. CITY OF BIRMINGHAM.
### (6 Div. 514.)

Court of Appeals of Alabama. June 25, 1929.

Rehearing Denied Oct. 8. 1929.

Frank A. Wilkinson, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

BRICKEN, P. J. But one question is involved in this case. Briefly and succinctly stated, is the exemption provided by section 13 of the license code of the city of Birming-ham for the year 1927, p. 80, available to appellant upon the undisputed facts as agreed upon. Said section is as follows: "No license shall be required of any dentist, physician, surgeon or lawyer for the first two years succeeding his admission to the practice of his said profession."

The undisputed evidence, as shown by the agreed statement of facts, upon which this case was tried, discloses that this appellant was admitted to the practice of medicine in the year 1921, more than two years before the commencement of this prosecution. We think this is conclusive of the question, and that the court below properly held that the quoted exemption, supra, was not available to appellant. There is a marked distinction between an *admission to the practice* of medicine and a mere *permit* so to do.

We note that the trial judge in rendering his decision upon the controverted point accompanied it with a written opinion which is included in the transcript. We regard the reasons and deductions therein expressed as being sound, and, in order that appellant, if further review is sought, may have the benefit thereof, we herewith incorporate as a part of this opinion, with our approval, the views expressed by the honorable J. Russell McElroy, trial judge in the court below:

"This cause is a prosecution by the City of Birmingham against the defendant for the alleged offense of doing business without license. The defendant has in open Court waived the filing of a formal complaint by the City of Birmingham. The City prosecutes for the alleged violation of Ordinance 1138-C of the City of Birmingham adopting a License Code for the City of Birmingham for the year 1927. This Court takes judicial notice of such ordinance. General Acts of 1915, page 294 at page 297, Section 7 of Act.

"The License Code which was thus duly adopted by the above mentioned ordinance provides a schedule of license for the year beginning January 1, 1927 and ending Dec. 31, 1927, for divers businesses, vocations, occupations and professions engaged in or carried on in the City of Birmingham, and further provides that every person, firm, company or corporation engaged in any of such businesses, occupations, vocations or professions shall take out and pay for such licenses in the amounts as provided in the schedule. Paragraph 297 of Section 1 of the License Code provides the amount of the license to be paid by physicians. Section 15 of the License Code makes it unlawful for any person, firm or corporation to engage in any of the enumerated businesses or vocations in the City of Birmingham during the year 1927 without first having procured a license therefor. Section 18 of the License Code provides that any person violating any provision of

the ordinance shall upon conviction, be punished within the limits of and as provided by Section 1936 of the Code of Alabama.

"This cause was submitted upon an agreed statement of facts, and the case as submitted presents the clear question of whether or not the defendant in this cause is exempt from the payment of the license prescribed for physicians under Section 13 of the License Code. Section 13 reads as follows:

" 'No license shall be required of any dentist, physician, surgeon or lawyer for the first two years succeeding his admission to the practice of his profession.'

"The defendant was admitted to the practice of medicine (his profession) in the State of Kentucky in the year 1921. He practiced medicine there until the month of July, 1924, at which time he removed to the State of Alabama. In July, 1924, he entered the Hillman Hospital in Birmingham as an interne, and so remained until July, 1925. Not until November, 1925, was he admitted to the practice of medicine in the State of Alabama. Since Nov. 1925, he has regularly practiced medicine in the City of Birmingham.

"The defendant contends that he is not liable for the payment of the license for the year 1927 for the supposed reason that he is exempt from such payment under the provision of Section 13, quoted above, of the License Code of the City of Birmingham. It is defendant's contention that the words 'for the first two years succeeding his admission to the practice of his profession' mean 'for the first two years succeeding his admission to the practice of his profession *in this state*.'

"The Court is clear to the conclusion that the construction thus contended for by the defendant is not sound, and that its faultiness may be demonstrated by a consideration of the purpose and object of the exemption, and by a consideration of the general rule relating to the interpretation of statutes exempting from the payment of license taxes.

"In the first place, it may be said that giving to the language employed in the exemption section its natural and ordinary significance, that section means just what it says, namely, 'admission to the practice of his profession;' and that means admission to the practice of his profession here or elsewhere. There is no ambiguity or obscurity in the language used, and it would seem that there is really neither occasion nor justification for any process of construction.

"According to this Court's perception, this two year exemption was enacted by the lawmaking body of the City of Birmingham for the benefit of beginners in the profession and was intended to allow them the thus reasonably limited time of two years following the completion of their long courses in medical college and their admission to the practice of medicine, in which to develop in a fair measure, a clientele and medical practice, before the imposition of the otherwise required license tax. Under ordinarily obtaining circumstances, the young practitioner emerges from his necessarily long pursuit of the study of his profession in college with debts, without funds, without professional prestige and with only a hope that there may be those so guileless as to engage his professional services. His earnings for the first two years are usually extremely meager. And it is the opinion of this Court, that the exemption section above noted was enacted for the young and beginning practitioner during these first two lean years of his professional existence.

"Defendant contends that a physician removing from a foreign state to the City of Birmingham may also encounter the same difficulty in establishing himself professionally in this community, and that the exemption provision was also intended for his benefit during what might also be 'lean' years to him. To this, it is a sufficient answer to say that he does not come with the handicaps of the 'first-born.' He has had his opportunity wherever he has practiced to earn and accumulate. He comes with experience, and the prestige that it brings. He comes equipped to immediately engage the confidence of the people when [whom] he expects to serve by reason of his previous training and experience. Another thing, no such exemption could or would be allowed a physician removing from another Alabama town or city to Birmingham, even though he had practiced in Alabama for twenty years previously. He would come into the City of Birmingham with the same handicap as a physician of twenty years' experience from another state; yea, under the construction contended for by the defendant, the physician from the foreign state would be exempt, whereas the physician from another part of our own state would have to pay the license. Such a discrimination was hardly contemplated by the exempting section.

"If there should remain any doubt as to the right of the defendant to the exemption contended for, the Court is convinced that under the uniformly applied rule for the construction of statutes exempting from the payment of the license, that the doubt must be resolved against the defendant.

" 'An exemption from license taxation under a constitutional or statutory provision is in derogation of common right and must receive a strict interpretation and no claim to exemption can be sustained unless it is clearly within the scope of the exempting clause. The existence of an exemption will not be presumed, but must be clearly proved, and if there is any doubt, the uncertainty will be resolved against the exemption.' 37 Corpus Juris, 238.

" 'In the case of Dauphine & LaFayette Street R. Co. v. Kennerly, 74 Ala. 583, this

court, speaking through Brickell, C. J., said: "It is an undoubted proposition that the burden of taxation, whether it be state or municipal, ought to fall equally upon all persons, natural or artificial, who may be subject to it. 'Taxation is the rule; exemption the exception.' Cooley on Taxation, 146. When therefore it is claimed that by legislation any species of property, whether it be the property of natural persons, or of corporations created for individual profit, is relieved from its just proportion of public burdens, the intention to release it ought to be expressed in clear and unambiguous terms; it ought not to be deduced from language of doubtful import, nor when there is room for just controversy as to the legislative intent." ' Brown, Ins. Commissioner, v. Protective Life Ins. Co., 188 Ala. 166, 66 So. 47.

"The sole question raised or presented being the applicability of the exemption to the facts in the instant case, the court is of the opinion that that question must be and it is hereby adjudged against the defendant, and the defendant is accordingly found guilty as charged and sentenced in the manner and form as set forth in the judgment of the Court."

As stated, we are of the opinion that the controverted points of decision were properly adjudicated and decided by the court below. The judgment appealed from is affirmed.

Affirmed.