9 So.2d 19

## STATE v. SELLERS.

### 1 Div. 412.

Court of Appeals of Alabama.
May 12, 1942.

Rehearing Denied May 26, 1942.

Thos. S. Lawson, Atty. Gen., and John W. Lapsley and J. Edw. Thornton, Asst. Atty. Gen., for appellant.

Wm. V. McDermott, of Mobile, for appellee.

BRICKEN, Presiding Judge.

The agreed statement of facts, upon which this case was tried in the court below, shows that following graduation from an accredited school of medicine, in June, 1929, appellee was awarded a certificate to practice medicine by the Medical Board of Examiners of Louisiana in that State. He went immediately into the United States Public Health service for his internship and continued to work in such Public Health Service until June 1st of the year 1940. He was on Civil Service status from his entrance upon this work in 1929, and took and passed the Civil Service examination for such work in June, 1930, and soon thereafter he was assigned to the United States Marine Hospital in Mobile County, Alabama, where he remained until his resignation therefrom June 1, 1940. For one year he was head of the department of venereal diseases. For five years his work was devoted to general surgery and thereafter, until he left the service, his professional work in the hospital was confined to the treatment of diseases of the eyes, ears, nose and throat. He did not, at any time, receive any remuneration from his profession other than his government salary.

In June, 1940, he applied for and was given a certificate to practice medicine and surgery in the State of Alabama, and on June 10, 1940, he opened an office in Mobile for the practice of his profession, specializing in the eye, ear, nose and throat.

This is a suit by the State to recover the license alleged to be due, for half the year of 1940, and the whole year 1941.

 Appellee, through able counsel, claims to be exempt from the payment of the license tax here involved because of the following language of the statute: "Provided that the license imposed by this section shall not apply until such person shall have practiced his or her profession as long as two years." Code 1940, Tit. 51, § 552.

We are called to determine whether, under the agreed statement of facts, the appellee was due the license here sued for.

We approach the question, mindful that this court has approved the following text: "An exemption from license taxation under a constitutional or statutory provision is in derogation of common right and must receive a strict interpretation and no claim to exemption can be sustained unless it is clearly within the scope of the exempting clause. The existence of an exemption will not be presumed, but must be clearly proved, and if there is any doubt, the uncertainty will be resolved against the exemption." Garlington v. City of Birmingham, 23 Ala.App. 282, 283, 125 So. 208, 210; Id., 220 Ala. 338, 125 So. 210.

The plain purpose of the exemption quoted is to aid the young practitioner in establishing himself in his profession. We cannot assent to the proposition that the appellee was not subject to license until he had engaged in private practice for as long as two years. The practice of a profession and private practice are not synon-

**514**

*ymous.* It requires no argument to demonstrate that the appellee was practicing medicine when he was doing general surgery in the United States Marine Hospital. Medicine was his profession. Therefore he was practicing his profession within the language of the statute.

Our conclusion is that the Judge of the Inferior Court of Mobile correctly decided the case. The learned Circuit Judge was in error.

The judgment of the circuit court is reversed and a judgment here rendered in favor of the State for the license claimed with interest and costs.

Reversed and rendered.